IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STATE FARM FIRE AND**
**CASUALTY COMPANY and**
**STEVEN KNAPP,**

**Plaintiff,**

**v.**

**UNITED STATES LIABILITY**
**INSURANCE COMPANY,**                            **No.08-326-DRH**

**Defendant.**

## ORDER

**HERNDON, Chief Judge:**

### I. Introduction

On April 1, 2008, Plaintiffs State Farm Fire and Casualty Company and Steven Knapp filed their complaint in the Circuit court of St. Clair County, Illinois against United States Liability Insurance Company (Doc. 2, Ex. B). Plaintiffs filed their three count complaint alleging breach of fiduciary duty, vexatious refusal to pay, as well as demanding a declaratory judgment. Count I seeks a declaratory judgment, alleging that Plaintiff Steven Knapp, a State Farm Agent, was sued by National Association of State Farm Agents (NASFA) and when Knapp contacted Defendant

United States Liability Insurance Company (USLIC) about defending him, USLIC refused. State Farm, instead, defended Knapp. Plaintiffs seek a declaratory judgment that, among other things, Knapp was covered under the USLIC policy and that USLIC is required to reimburse State Farm and Steven Knapp for attorneys fees, costs, and the settlement amount to resolve the underlying lawsuit. Count II is brought by Steven Knapp and seeks remedies pursuant to **215 ILCS 5/155** for vexatious refusal to pay. Count III is also brought by Steven Knapp and alleges common law punitive damages for USLIC's breach of fiduciary duties. Plaintiffs seek compensatory damages in an amount in excess of $50,000.

On May 2, 2008, Defendant removed the action to this Court, asserting that subject matter jurisdiction lies under the federal diversity statute, **28 U.S.C. § 1332** (Doc. 2). On May 7, 2008, Plaintiffs filed a motion to remand the case to state court based on Defendant's lack of evidence showing to a reasonable probability that Plaintiffs' claims each meet the $75,000 statutory limit (Doc. 5). Defendant filed a memorandum in opposition to the motion to remand (Doc. 8). Having reviewed the pleadings and the applicable case law, the Court finds that the jurisdictional amount has not been meet and **GRANTS** Plaintiff's motion to remand.

## II. <u>Analysis</u>

The Constitution does not require that any particular amount be in controversy between diverse parties in order to invoke the subject matter

jurisdiction of the federal courts. **U.S. Const., art. III, § 1**. However, Congress is not prevented from establishing a jurisdictional amount requirement, since it need not grant all of the Article III judicial power to the federal courts. ***Kline v. Burke Constr. Co.*, 260 U.S. 226 (1922)**. Since 1996, the amount in controversy required to invoke federal court jurisdiction has been more than $75,000, exclusive of interest and costs. **The Federal Courts Improvement Act of 1996, 110 Stat. 3847**.

The removal statute is construed narrowly, and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**. In ***Shaw v. Dow Brands, Inc.***, the Seventh Circuit held that a defendant invoking federal jurisdiction through removal must prove by "a reasonable probability" that jurisdiction exists. **994 F.2d 364, 366 (7th Cir. 1993)**. In ***Meridian Security Insurance Co. v. Sadowski,*** the Seventh Circuit noted that this language has been wrongly interpreted to mean that uncertainty about the stakes must be resolved against the proponent of jurisdiction, making the defendant's burden greater than that which was intended. **441 F.3d 536, 540 (7th Cir. 2006).** For this reason, the Seventh Circuit expressly banished the "reasonable probability" standard from its lexicon. ***Id.* at 543.** Plaintiffs incorrectly cite this language as the prevailing legal standard, Instead, the test to be applied is as follows. First, the defendant must proffer facts which establish that the amount in controversy exceeds $75,000. Second, once the

removing party has met this burden, "the sum claimed by [the proponent of federal jurisdiction] controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." **St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293 (1938).** Furthermore, jurisdiction is determined as of the moment of removal. **In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992).**

If the complaint alleges an amount of damages, that amount "controls unless recovering that amount would be legally impossible," but when the complaint omits an amount of damages, "the size of the claim must be evaluated in some other way." **Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006)**. When the complaint does not establish the amount in controversy, the defendant may present evidence from interrogatories, admissions in state court, calculations from allegations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands. **Sadowski, 441 F.3d 536, 541-42 (7th Cir. 2006).**

Applying these standards to the case at hand, the Court finds that the Defendant has not met its burden of establishing that the amount in controversy exceeds the $75,000 requirement. The affidavit attached to the Complaint only asserts that the money damages sought by Plaintiffs exceeds $50,000. Defendant has provided no evidence to show that State Farm or Steven Knapp's claims individually

reach the jurisdictional limit of $75,000; rather, in its notice to removal, Defendant bases the jurisdictional amount simply upon "information and belief" (Doc. 2 ¶ 1).

In the Complaint, Knapp claims that his out of pocket damages total only $8,400.00. Although Knapp seeks additional damages under **215 ILCS 5/155** and common law punitive damages, the maximum award under **215 ILCS 5/155** is $60,000 and as Plaintiffs suggest, it is unlikely that Knapp would receive a statutory penalty high enough to reach the statutory limit given his out of pocket loses only total $8,4000. Further, only attorneys fees incurred up to the time of removal count toward the amount in controversy. ***Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006) (citing *Smith v. American General Life & Accident Ins. Co.*, 337 F.3d 888, 896-97 (7th Cir. 2003))**. Similarly, as Knapp points out, his out of pocket costs would have to be multiplied substantially for punitive damage purposes in order to reach the diversity jurisdiction minimum. Defendant admits that Knapp's claims for vexatious refusal and punitive damages would have to total more than $66,000 in order to meet the amount in controversy necessary for federal diversity jurisdiction.

Further, none of the evidence suggests that Plaintiff State Farm's claim exceeds the statutory amount in controversy. Defendant argues that since the case settled for $100,000 and Knapp contributed $5,000 to the settlement, that the Court can infer that State Farm could seek as much as $95,000. However, no facts have been presented to show that they are responsible for any amount over the $5,000. There

is no indication in the Complaint as to the value of State Farm's claim and contrary to the assertions of Defendant, State Farm is only a party to Count I of the Complaint.

While Defendant admits that Knapp's claims for vexatious refusal and punitive damages would have to total more than $66,000 in order to meet the amount in controversy requirement for diversity jurisdiction, Defendant suggests that the Court aggregate the claims of State Farm and Knapp. However, "It is well settled that...the separate claims of multiple plaintiffs against a single defendant cannot be aggregated to meet the jurisdictional amount.". ***Clark v. State Farm Mutual Automobile Insurance Company*, 473 F.3d 708, 711 (7th Cir. 2007) (citing *Sarnoff v. Am. Home Prods. Corp.*, 798 F.2d 1075, 1077 (7th Cir. 1986)**.

Defendant further argues that the Court should exercise supplemental jurisdiction over the plaintiffs under **28 U.S.C. § 1367**. **See *Exxon Mobile Corp. v. Allapattah Corp.*, 545 U.S. 546 (2005).** However, since neither State Farm nor Knapp meet the amount in controversy requirement for diversity jurisdiction, the Court will not exercise supplemental jurisdiction over any other party.

Therefore, the amount in controversy does not add up to the $75,000 required for diversity jurisdiction.

### III. <u>Conclusion</u>

Therefore, Plaintiffs' motion to remand (Doc. 5) is **GRANTED** and this

action is **REMANDED** to the Circuit Court of St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 20th day of January, 2009.

/s/      David R Herndon
**Chief Judge
United States District Court**